Slip Op. 11- 148

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>INNER BEAUTY INT'L (USA) LTD.,<br><br>    Defendant. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 10-00256 |

## OPINION

[Awarding judgment by default in favor of plaintiff on claim to recover civil penalty for merchandise entered by means of false statements of country of origin]

Dated: December 2, 2011

*Vincent D. Phillips, Jr.*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff.  With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.  Of counsel on the brief was *Jeanmarie Ressa Reiner*, Senior Attorney, Office of the Associate Chief Counsel, U.S. Customs and Border Protection, of New York, NY.

Stanceu, Judge: Plaintiff United States brought this action to recover a civil penalty under section 592 of the Tariff Act of 1930 ("Tariff Act"), 19 U.S.C. § 1592 (2006), against defendant Inner Beauty International (USA) Ltd. ("Inner Beauty"), a New York corporation engaged in importing women's apparel.  Compl. ¶¶ 3, 9 (Sept. 1, 2010), ECF No. 2.  Plaintiff alleges, *inter alia*, that on the documentation filed with U.S. Customs and Border Protection ("Customs or "CBP") in 2004 for eight entries of women's undergarments subject to an import quota, Inner Beauty falsely stated the country of origin of the merchandise as Hong Kong rather than the correct origin, which was the People's Republic of China ("China").  *Id.* ¶¶ 9, 12.  Plaintiff

further alleges that these false statements of origin were the result of gross negligence, or, in the

alternative, negligence, on the part of Inner Beauty.  *Id.* ¶¶ 18-23.

Before the court is plaintiff's application for a judgment by default, in which plaintiff

seeks an award of a civil penalty of "$158,197.20 plus pre-judgment and post-judgment interest

and costs as provided by law," if the court finds that Inner Beauty acted with gross negligence,

or, in the alternative, $79,098.60 "plus pre-judgment and post-judgment interest and costs as

provided by law," if the court finds that Inner Beauty acted with negligence.  Mot. for Default J.

6-7 (June 3, 2011), ECF No. 10 ("Pl.'s Mot.").  For the reasons stated below, the court

determines it appropriate to award judgment by default for a civil penalty in the amount of

$39,549.30, plus post-judgment interest as provided by law, based on a level of culpability of

negligence.

## I.  BACKGROUND

Plaintiff alleges that between February 9, 2004 and November 18, 2004, defendant made

eight entries of women's undergarments, which were classified under any of three subheadings

of the Harmonized Tariff Schedule of the United States ("HTSUS").  Compl. ¶¶ 9-10 (alleging

that the merchandise is classified under subheadings 6212.20.0010, 6212.10.9020, or

6212.20.0020, HTSUS).  Plaintiff states that, at the time of Inner Beauty's entries, merchandise

classified under these three tariff subheadings was subject to an import quota.  *Id.* ¶¶ 8, 11 (citing

*Announcement of Request for Bilateral Textile Consultations with the Government of the*

*People's Republic of China & the Establishment of an Import Limit for Brassieres & Other Body*

*Supporting Garments, Category 349/649, Produced or Manufactured in the People's Republic of*

*China*, 68 Fed. Reg. 74,945 (Dec. 29, 2003)).  Plaintiff alleges that Inner Beauty "identif[ied] the

merchandise as a product of Hong Kong when the merchandise was produced in the People's

Republic of China." *Id.* ¶ 12.  Plaintiff alleges that "[d]efendant's false statements and/or

omissions . . . were material because they prevented CBP from accurately counting the quantities

of merchandise under HTSUS 6212.20.0010, 6212.10.9020, and 6212.20.0020 entered into the

United States from the People's Republic of China," *id.* ¶ 13, and that "at least one of the

defendant's eight entries" was "admitted into the commerce of the United States after the quota

filled at 2:15 p.m. on November 18, 2004," *id.* ¶ 14.  Plaintiff alleges that the "domestic value of

the merchandise defendant entered is $395,493.00," *id.* ¶ 16, which value plaintiff shows on an

attachment to the complaint as the sum of the entered value of the merchandise on each of the

eight entries, *id.* attachment A.  Based on an alleged non-revenue-loss violation of section 592,

plaintiff seeks a penalty of $158,197.20, which represents 40% of the dutiable value of the

merchandise, the statutory maximum penalty under section 592 for such a violation at a gross

negligence level of culpability.  Pl.'s Mot. 6; *see* 19 U.S.C. § 1592(c)(2)(B).  In the alternative,

plaintiff seeks a penalty of $79,098.60, *i.e.*, 20% of the dutiable value, which is the statutory

maximum for a penalty based on negligence.  Pl.'s Mot. 6-7; *see* 19 U.S.C. § 1592(c)(3)(B).

Plaintiff filed the complaint on September 1, 2010 and effected service upon Inner

Beauty on November 10, 2010.  Compl.; Pl.'s Proof of Service Upon Def. (Nov. 10, 2010), ECF

No. 5.  After Inner Beauty failed to appear by licensed counsel and failed to plead or otherwise

defend itself within twenty-one days of being served with the complaint, plaintiff requested entry

of default on February 17, 2011.  Request for Entry of Default (Feb. 17, 2011), ECF No. 7;

USCIT R. 12, 55.  On March 9, 2011, the Clerk of this Court entered Inner Beauty's default.

**Court No. 10-00256**                                                                                    **Page 4**

Order (Mar. 9, 2011), ECF No. 8.  On June 3, 2011, plaintiff filed the instant application for a

default judgment.  Pl.'s Mot.

## II.  DISCUSSION

Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1582(1) (2006), grants the

court jurisdiction over this action to recover a civil penalty under section 592 of the Tariff Act,

19 U.S.C. § 1592.  The court determines all issues *de novo*, including the amount of any penalty,

19 U.S.C. § 1592(e)(1), but because Inner Beauty has defaulted the court accepts as true all well-

pled facts in the complaint, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

If the well-pled facts in the complaint, taken as true, establish Inner Beauty's liability for a civil

penalty, it is left to the court to decide, *de novo*, the amount of the civil penalty to be awarded.

19 U.S.C. § 1592(e)(1).  The court may look beyond the complaint if doing so is necessary to

investigate any matter or to determine appropriate relief.  *See* USCIT R. 55(b).

Under section 592(a)(1)(A), it is unlawful for any person, by fraud, gross negligence, or

negligence, to enter, introduce, or attempt to enter or introduce any merchandise into the

commerce of the United States by means of material and false documents, statements, or acts or

material omissions.  19 U.S.C. § 1592(a)(1)(A)(i)-(ii).  Violations of this provision are

punishable by a civil penalty not to exceed the domestic value of the merchandise and not to

exceed certain upper limits established according to the violator's level of culpability.  *Id.*

§ 1592(c).  For a violation that did not affect the assessment of duties, the statute allows a

maximum penalty of "40 percent of the dutiable value of the merchandise" if the violation

occurred by gross negligence and, if the violation occurred by negligence, a maximum penalty of

"20 percent of the dutiable value of the merchandise."  *Id.* § 1592(c)(2)-(3).

A.  The Well-Pled Facts Establish that Inner Beauty Violated Section 592

The well-pled facts in the complaint and plaintiff's application for a default judgment

establish for the purposes of Rule 55 that Inner Beauty was the importer of record on the eight

entries upon which the United States seeks a civil penalty and that the eight entry summaries

(Customs Form 7501) informed Customs, by listing the International Organization for

Standardization ("ISO") country code "HK" in the country of origin boxes on those forms, that

the entered merchandise originated in Hong Kong.[1]  *See* HTSUS, annex B.  Plaintiff's

submissions–including, specifically, country of origin declarations attached to the entry

summaries disclosing China as the country of origin–also establish for this purpose that the

merchandise did not originate in Hong Kong and that, instead, the designation of country of

origin that should have been presented on the entry summaries was "CN," the ISO country code

for China.  *Id.*; Compl. ¶ 12; Pl's Mot. exhibits A-H.  The incorrect listings of the country of

origin on the eight entry summaries constituted, for purposes of section 592(a)(1)(A), false

statements that were used to enter the merchandise.  19 U.S.C. § 1592(a)(1)(A).  The court

concludes that these false statements were "material" within the meaning of section

592(a)(1)(A), as they had the potential to affect the administration by Customs of the quota on

---

[1] Although Hong Kong is within the territory of China, U.S. Customs and Border Protection ("CBP" or "Customs") treats Hong Kong and China as separate countries of origin for tariff purposes.  Customs instructs importers to list Hong Kong, rather than China, as the country of origin on the entry summary form only in a circumstance in which the goods actually were manufactured, produced, or grown in Hong Kong.  U.S. Customs & Border Protection, *CBP Form 7501 Instructions* 5 (last updated Mar. 17, 2011), *available at* http://forms.cbp.gov/pdf/7501_instructions.pdf ("Record the country of origin utilizing the International Organization for Standardization (ISO) country code located in Annex B of the HTS."); Harmonized Tariff Schedule of the United States, annex B (2011) (listing Hong Kong as a country of origin).

imports from China.[2]  *Id.*; *United States v. Rockwell Int'l Corp.*, 10 CIT 38, 42, 628 F. Supp.

206, 210 (1986) (holding a false statement of country of origin to be material); *see also*

19 C.F.R. Part 171, appendix B § (B) (2008) ("*Penalty Guidelines*") ("A document, statement,

act, or omission is material if it has the natural tendency to influence or is capable of influencing

agency action including . . . [d]etermination of the classification, appraisement, or admissibility

of merchandise . . .").  Because the well-pled facts in the complaint and plaintiff's application for

default judgment establish that the merchandise at issue in this case was entered on behalf of

defendant by means of material false statements, the court concludes that plaintiff has

established for purposes of Rule 55 "the act or omission constituting the violation" within the

meaning of that term as used in section 592(e)(4).  *See* 19 U.S.C. § 1592(e)(4) ("[If] the

monetary penalty is based on negligence, the United States shall have the burden of proof to

establish the act or omission constituting the violation . . .").  Under the statute, that much is

sufficient to establish defendant's penalty liability for a violation of section 592 based on

negligence in the context presented by plaintiff's application for a default judgment.  *See id.*

(providing that where the United States has met its burden of proof to establish the act or

omission constituting the violation, "the alleged violator shall have the burden of proof that the

act or omission did not occur as a result of negligence.").  Because the court is ruling on an

application for a default judgment, the court, in accordance with section 592(e)(4), presumes

---

[2] Even though the correct country of origin was presented to Customs on the origin declarations attached to each of the eight entry summaries, the false designations of the country of origin still must be seen as "material" false statements because they had the potential to cause Customs to administer the quota erroneously.

without further inquiry that the false statements of country of origin appearing on the entry

summaries occurred as a result of negligence.  *Id.*

B.  Plaintiff Fails to Plead Facts from which the Court Could Conclude that the False Statements
     of Country of Origin Occurred as a Result of Gross Negligence on the Part of Inner Beauty

The court next considers whether the well-pled facts establish that the false designations

of country of origin on the entry summaries were the result of gross negligence on the part of

Inner Beauty.  In the context of this case, such a determination would require a finding that the

violator charged with liability for the false statements have acted with "reckless disregard" as to

the true country of origin of the merchandise.  *United States v. Ford Motor Co.*, 463 F.3d. 1286,

1292 (Fed. Cir. 2006) ("An importer is guilty of gross negligence if it behaved willfully,

wantonly, or with reckless disregard in its failure to ascertain both the relevant facts and the

statutory obligation, or acted with an utter lack of care.").  For several reasons, the court

concludes that plaintiff has not asserted well-pled facts from which the court could conclude that

Inner Beauty acted with gross negligence.

The complaint does not allege facts and circumstances from which the court could

conclude that Inner Beauty acted willfully, wantonly, or with reckless disregard in its role as

importer of record.  The complaint states that defendant violated section 592 "by falsely

identifying the merchandise as a product of Hong Kong when the merchandise was produced in

the People's Republic of China."  Compl. ¶ 12.  It further states that "[d]efendant entered or

introduced the above-described merchandise into the United States by means of false statements,

and these violations constitute gross negligence in violation of 19 U.S.C. § 1592(a)."  *Id.* ¶ 19.

The complaint states nothing further that is relevant to the question of whether defendant acted

with gross negligence in causing the entry of the merchandise and is, on the whole, conclusory

with respect to the alleged level of culpability.

In support of the gross negligence claim, plaintiff's application for default judgment

argues, first, that "Inner Beauty acted with reckless disregard for the truth of its representations

by marking the merchandise it imported as originating in Hong Kong." Pl.'s Mot. 4. This

statement is not only insufficient but also puzzling. Neither the complaint nor the documentation

submitted with the application make any reference to the country of origin "marking" of the

merchandise itself.[3] Each of the eight entry summaries incorrectly set forth the country code for

Hong Kong in the country-of-origin box, as the court previously discussed.

Next, citing *United States v. Ford Motor Co.*, 463 F.3d. at 1293, plaintiff argues that

Inner Beauty's actions were analogous to those found grossly negligent in that case, alleging that

"Inner Beauty repeatedly failed to comply with its obligations to accurately state the country of

origin to CBP," that "Inner Beauty did not use reasonable care in entering the merchandise," and

that Inner Beauty "could have easily verified the country of origin of the merchandise by

referring to the country of origin declarations that accompanied each entry, but it failed to do so

on eight separate occasions." Pl.'s Mot. 4-5 (citing 19 U.S.C. §§ 1484-85 (2004)). These

statements amount to nothing beyond an allegation of negligence based on a failure to exercise

reasonable care in entering the merchandise. Plaintiff does not assert facts analogous to those

---

[3] The term "marking," which is a term of art, as used by plaintiff is reasonably construed to refer to the marking required by section 304 of the Tariff Act of 1930, 19 U.S.C. § 1304 (2011) ("[E]very article of foreign origin . . . imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article . . . will permit . . ."). If, instead, plaintiff intended the term to refer to the false origin as declared on the entry summaries, plaintiff's allegation still fails to constitute a well-pled fact from which the court could conclude that gross negligence occurred.

upon which gross negligence was found in *Ford Motor Co.,* in which the U.S. Court of Appeals

for the Federal Circuit held that the Court of International Trade was not "clearly erroneous" in

determining that an importer was grossly negligent when the importer knew that dutiable values

reported to Customs were incorrect but failed to provide the correct values. *Ford Motor Co.*,

463 F.3d. at 1293 (citing *United States v. Ford Motor Co.*, 29 CIT 793, 810, 387 F. Supp. 2d

1305, 1321 (2005)). Here, the entry documentation provided both the incorrect and correct

countries of origin, and no well-pled facts inform the court that Inner Beauty was aware of the

mistaken origin reference at any of the eight times at which the merchandise was entered.

Finally, plaintiff argues that "Inner Beauty admitted to its gross negligence in a letter its

principal, Joyce Hu, submitted to CBP after initiation of the administrative penalty proceedings."

Pl.'s Mot. 5. This statement mischaracterizes the referenced letter, in which Ms. Hu stated that

"[o]ur shipping documents showed a Hong Kong supplier but also made reference to the actual

country of origin as China." *Id.* exhibit I. The letter further mentions that "[t]his was a

tremendous oversight and we have instructed our factory and Brokers subsequently after these

entries to make clear and indicate the actual supplier and pay particular attention to country of

origin." *Id.* The letter admits no fact from which the court could conclude that gross negligence

occurred. Absent such a factual circumstances, the words "tremendous oversight," in the context

in which they are used in the letter, cannot plausibly be construed as an admission of gross

negligence by Inner Beauty.

Moreover, the facts as stated in Ms. Hu's letter and the entry documentation plaintiff

submitted with its application do not support the gross negligence claim. The documentary

evidence establishing the violation consists of the aforementioned references to Hong Kong on

the entry summaries and the declarations attached to each of the entry summaries identifying

China as the country of origin.  *Id.* exhibits A-H.  Six of these declarations list the manufacturer

as "Inner Beauty (Shunde) Garment Co Ltd." of "Shunde Guangdog, China," *id.* exhibits A-F,

and the other two declarations list "Inner Beauty (Panyu) Garment Co Ltd." of "Panyu District,

Guangzhou City," *id.* exhibits G-H.  The entry summaries are signed by the customs broker who,

it appears, prepared them, Solan A. James of Valley Stream, New York.  *Id.* exhibits A-H.  No

facts are alleged, and no documents are presented, from which the court could conclude that

Inner Beauty, rather than the broker, caused the incorrect origin declaration to be placed on the

entry summaries, or that the incorrect origin references, repeated over eight entries, were

anything but inadvertent errors that Inner Beauty failed to discover and bring to the broker's

attention.[4]

        C.  A Penalty Below the Statutory Maximum Amount is Appropriate in this Case

Plaintiff requests that the court, if concluding that the violations occurred as a result of

negligence, "enter a default judgment for $79,098.60 in civil penalties for negligence plus pre-

judgment and post-judgment interest and costs as provided by law."  Pl.'s Mot. 7.  Thus, plaintiff

seeks a judgment by default for the maximum penalty allowed by section 592 for a non-revenue-

loss, negligent violation, which is an amount calculated as 20% of the dutiable value of the

merchandise, not to exceed the domestic value of the merchandise.  19 U.S.C. § 1592(c)(3)(B).

Plaintiff accepts as the dutiable value of the merchandise (and as the domestic value of the

---

[4] Plaintiff also includes with its application a declaration of Mr. Edward P. Nagle, CBP's
Fines, Penalties, and Forfeitures Officer for the Newark/New York area.  Mot. for Default J.
Decl. of Nagle (June 3, 2011), ECF No. 10.  This declaration does not add to the record any facts
from which the court could reach a conclusion that gross negligence occurred in this case.

merchandise) the entered value of the merchandise on the eight entries, which is $395,493.

Compl. attachment A.  Plaintiff views the maximum penalty as a "sum certain" for which a

judgment by default should be awarded pursuant to USCIT Rule 55.  Pl.'s Mot. 1.

　　　　Plaintiff is not necessarily entitled to be awarded a judgment for the maximum penalty

available under section 592 as a "sum certain," as that term is used in Rule 55.  Because

section 592(e) directs that the court determine "de novo" the amount of penalty to be recovered,

the penalty cannot be considered a "sum certain" to which plaintiff has established its

entitlement as a matter of right.  19 U.S.C. § 1592(e)(1).  It is appropriate that the court consider

the facts and circumstances as shown in plaintiff's submissions.

　　　　Beyond advocating generally for the maximum penalty provided by law, plaintiff in its

complaint and application for a default judgment does not address the matter of whether any

aggravating or mitigating circumstances exist in this case.  *See* Pl.'s Mot.  While not binding on

the court, guidelines published by Customs are informative on the general question of what

constitutes aggravating and mitigating circumstances.  *See Penalty Guidelines* §§ (E)-(I).  Under

those guidelines, a negligent violation of section 592 in a non-revenue loss case is to be disposed

of administratively, upon consideration of aggravating and mitigating factors, with a penalty in

"an amount ranging from a minimum of 5 percent of the dutiable value to a maximum of 20

percent of the dutiable value of the merchandise . . . ."  *Id.* § (F)(c)(ii).  While not directing the

court's attention to any aggravating circumstance, plaintiff's submission of the letter of Ms. Hu

alleges facts relevant to matters recognized in CBP's guidelines as mitigating factors: immediate

remedial action and inability to pay.  Pl.'s Mot. exhibit I.  Plaintiff puts forth no evidence or

allegations rebutting the claim in the letter that Inner Beauty, upon being put on notice of the

violations, instructed its factory and brokers to pay particular attention to ensuring that country

of origin is correctly declared on future entries.  Also unrebutted by plaintiff is Ms. Hu's claim

that a penalty of the magnitude contemplated in the pre-penalty notice (as shown in the Nagle

declaration, $158,197.20) "will force us to close our doors and force us to terminate over 15 full

and part time workers . . . ."  *Id.* Decl. of Nagle & exhibit I.

The court does not give weight to the "inability to pay" factor because the maximum

penalty authorized by the statute for a negligent violation is considerably less than the proposed

penalty amount stated in the pre-penalty notice, which was based on gross negligence.  The court

concludes that some mitigation is warranted by the corrective action that defendant claims to

have taken, which claim plaintiff does not rebut.  *See Penalty Guidelines* § (G)(3) ("In

appropriate cases, where the violator provides evidence that immediately after learning of the

violation, substantial remedial action was taken to correct organizational or procedural defects,

immediate remedial action may be granted as a mitigating factor.").  In deciding on a penalty

amount, the court also takes into consideration the absence of well-pled facts from which the

court could find an aggravating circumstance.

### III.  CONCLUSION

Based on the mitigating circumstance the court has identified, and lack of apparent any

aggravating circumstance, the court considers appropriate a penalty award in an amount

calculated at one-half of the statutory maximum, *i.e.*, at 10% of the dutiable value of the

merchandise.  Accordingly, the court will enter judgment by default awarding a penalty of

$39,549.30, plus post-judgment interest as provided by law.[5]


                                                                  /s/ Timothy C. Stanceu
                                                                  Timothy C. Stanceu, Judge


Dated: December 2, 2011
           New York, New York

---

        [5] Plaintiff also requested pre-judgment interest, Pl.'s Mot. 7, but such interest is not
appropriate on penalties awarded under section 592.  *United States v. National Semiconductor
Corp.*, 547 F.3d 1364, 1370 (Fed. Cir. 2008).

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>       Plaintiff,<br><br>    v.<br><br>**INNER BEAUTY INT'L (USA) LTD.,**<br><br>       Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 10-00256** |

### <u>JUDGMENT</u>

       In accordance with the opinion issued this date in *United States v. Inner Beauty International (USA) Ltd.*, Court No. 10-00256, after reviewing all submissions in this matter, and after due deliberation, it is hereby

       **ORDERED** that plaintiff's Motion for Default Judgment, as filed on June 3, 2011, be, and hereby is, GRANTED in part and DENIED in part; it is further

       **ORDERED** that judgment by default in the amount of $39,549.30, plus post-judgment interest as provided by law, be, and hereby is, entered against defendant; and it is further

       **ORDERED** that the plaintiff shall bear its own costs.


                         /s/ Timothy C. Stanceu
                         Timothy C. Stanceu, Judge


Dated: December 2, 2011
       New York, New York